Sarah J. CANNON, and James E. Cannon, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CIV.A. 03–1641.

United States District Court, W.D. Pennsylvania.

April 13, 2004.

Mark Clement, Esq., Pittsburgh, PA, for Plaintiffs.

Rebecca Ross Haywood, United States Attorney's Office, Pittsburgh, PA, for Defendant.

### MEMORANDUM OPINION AND ORDER

HARDIMAN, District Judge.

## I. Introduction

Plaintiffs Sarah and James Cannon brought this action against the United States of America seeking a refund of taxes paid for the 1985, 1988 and 1989 tax years. Pending before the Court are the parties cross-motions for judgment on the pleadings. After careful consideration, the Court will grant the government's motion and deny the Cannons' motion.

## II. Standard of Review

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss under Rule 12(b). *Turbe v. Government of Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991). Under Rule 12(b)(1), whenever there is a facial challenge to the legal sufficiency of the pleading, the court must afford the plaintiff the same safeguards as would be available under a Rule 12(b)(6) motion. *Cardio–Medical Assoc., Ltd. v. Crozer–Chester Medical Ctr.,* 552 F.Supp. 1170, 1175 (E.D.Pa.1982).

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997). "The issue is not whether a plaintiff will ulti-

mately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, a court will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Mitchell v. Cellone,* 291 F.Supp.2d 368, 370 (W.D.Pa.2003) (citing *Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977)).

### III. Statement of Facts

Plaintiffs filed joint income tax returns for the 1985, 1988 and 1989 tax years with the Internal Revenue Service ("IRS") on or before January 3, 1994. Between July of 1996 and November of 1997, the IRS assessed joint deficiencies for those tax years totaling $22,109.00. Plaintiffs paid $2,125.58 through a levy on a bank account they owned jointly. Additionally, between August of 1995 and March of 1996, Plaintiffs made voluntary payments of $3,350.00 from jointly owned funds which were credited to their accounts for the 1988 and 1989 tax years.

On May 20, 2000, the United States Tax Court determined that Mrs. Cannon was an innocent spouse and that no joint deficiency was due with respect to the 1985, 1988 and 1989 tax years. Based on the Tax Court's ruling, Plaintiffs filed an amended tax return for the 1985 tax year on or about June 15, 2001 and amended tax returns for the 1988 and 1989 tax years on or about November 27, 2002. They have yet to receive notice of a decision by the IRS on any of these amended returns.

### IV. Analysis

The parties agree on the material facts of the case, and agree that the case is ripe for adjudication on the pleadings. The issue is whether section 6015 of the tax code, as it existed on May 20, 2000, tolls or otherwise vitiates the limitations period for Plaintiffs' refund claims. Plaintiffs concede that the statute of limitations has expired on their tax refunds, but they contend that the tax code as it existed when Mrs. Cannon was declared an innocent spouse requires that the taxes they paid be refunded notwithstanding the limitations period. The government contends that no part of the tax code saves the Cannons' claims for refund.

In 1998, Congress passed the Internal Revenue Restructuring and Reform Act ("Reform Act"), which, *inter alia,* added section 6015 to the tax code. Internal Revenue Restructuring and Reform Act, Pub.L. No. 105–206, 112 Stat. 685 (1998). Section 6015 enabled an innocent spouse to seek relief from joint and several liability on a joint tax return. As passed initially, the only exceptions to this rule involved adjudications by the Tax Court (§ 6512(b)), closing agreements (§ 7121) and offers of compromise (§ 7122). Thus, as of 1998, the Reform Act was silent regarding the application of the statute of limitations to a claim by an innocent spouse. In December of 2000, however, seven months after Mrs. Cannon was declared an innocent spouse by the Tax Court, Congress revised section 6015 to include the statute of limitations (§ 6511) among the enumerated exceptions. Relying upon the principle of *inclusio unius est exclusio alterius,* the Cannons argue that the inclusion of section 6511 in the December 2000 amendment to section 6015 dem-

onstrates that no statute of limitations applied to the Code as it existed in 1998.

Although the Cannons' logic is sound with respect to the interplay between § 6015 and the statute of limitations, the Reform Act makes clear that § 6015 does not apply to the facts of this case. Section 3201(g) of the Reform Act states that the "amendments made by this section ... shall apply to any liability for tax arising after the date of the enactment of this Act [July 22, 1998] and any liability for tax arising on or before such date but remaining unpaid as of such date." Internal Revenue Restructuring and Reform Act, Pub.L. No. 105–206, § 3201(g), 112 Stat. 685 (1998); *see also Grossman v. Commissioner of Internal Revenue*, 182 F.3d 275, 279 (4th Cir.1999) ("[Section 6015] applies to tax liability unpaid as of July 22, 1998."); *Marzetta v. I.R.S.*, 2002 WL 31409585, at *1, 2002 U.S. Dist. LEXIS 20045, at *4 (E.D.Cal.2002).

There is no dispute in this case that the Cannons' tax liability arose before July 22, 1998. Nevertheless, it is also clear that the taxes for which the Cannons seek a refund from the Court did not "remain[ ] unpaid as of such date," because they were paid well before July 22, 1998. Because the disputed tax liabilities arose in the 1980s, before the enactment of the Act, and were not unpaid as of July 22, 1998 so as to bring them within the Reform Act, section 6015 does not preclude the application of the statute of limitations. Therefore, the Court must hold that the Cannons' refund claims are barred by the statute of limitations, 26 U.S.C. § 6511.

## V. Conclusion and Order

For all the foregoing reasons, it is HEREBY ORDERED that the government's motion for judgment on the pleadings (Document No. 5–1) is GRANTED,

Plaintiffs' motion for partial judgment on the pleadings (Document No. 0–1) is DENIED, and the clerk is directed to mark this case CLOSED.