

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2004

# Ober v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3754

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ober v. Brown" (2004). *2004 Decisions*. Paper 501.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/501

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 03-3754

—————

DARRELL G. OBER,

Appellant

v.

CAPTAIN RICK BROWN; SYNDI GUIDO;
BARBARA CHRISTIE; JOANNA REYNOLDS

—————

Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 02-cv-02186
District Judge: Honorable Christopher C. Conner

—————

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2004

Before: AMBRO, BECKER and GREENBERG, Circuit Judges

(Opinion filed: July 14, 2004)

—————

OPINION

—————

AMBRO, Circuit Judge

Darrell G. Ober appeals the District Court's order dismissing his action against

counsel (and their investigator) who defended their clients against Ober in a prior lawsuit. Ober alleges that defendants' actions during that litigation were taken in retaliation against him for exercising his First Amendment right of free speech. Because we conclude that Ober's complaint failed to state a viable First Amendment retaliation claim, we affirm.

## I.

In 1998, Ober, a police officer with the Pennsylvania State Police ("PSP"), learned that an FBI agent was investigating the allegation that one of the PSP troopers was taking bribes. Ober did not report this information to his direct superiors, even though an established PSP regulation required him to do so. Instead, he discussed the matter with a Deputy Commissioner of Staff, who was outside the chain of command.

Believing that certain officials of the PSP took various adverse employment actions against him in retaliation for exercising his First Amendment right to bypass the chain of command when discussing matters of public concern, in January 2001 Ober brought an action against them in the United States District Court for the Middle District of Pennsylvania. He later added a claim for abuse of legal process, alleging that Syndi Guido and Joanna Reynolds, counsel for defendants, misled the Court. The District Court dismissed Ober's claim against Guido and Reynolds, explaining that filing a motion to dismiss in defense of the lawsuit was not an abuse of legal process.

With respect to Ober's underlying First Amendment retaliation claim, the District

Court denied defendants' summary judgment motion.[1]  We reversed, holding that defendants were entitled to summary judgment because Ober did not engage in any constitutionally protected speech.  *Ober v. Evanko*, No. 02-3725, 2003 WL 22596339, at *5 (3d Cir. Oct. 21, 2003) ("Ober was required by regulation to report his conversation to his supervisor; his decision to go outside of the appropriate hierarchy is not a constitutionally protected free speech right . . . .").[2]  We also noted that "none of [the alleged adverse employment] actions [against Ober] affected Ober's rank, pay, benefits or status." *Id.* at *2.

In November 2002, while the appeal of *Ober I* was pending, Ober brought the current action in the United States District Court for the Middle District of Pennsylvania against Guido, Reynolds, and Barbara Christie (all of whom were counsel for the *Ober I* defendants), and Rick Brown, an investigator for defendants' counsel in *Ober I*.  Ober alleged that during the course of the *Ober I* litigation defendants committed numerous acts of misconduct, including presenting false testimony, unlawfully acquiring irrelevant personal information to intimidate him, attacking his key witness and manipulating the witness' responses intentionally to discredit him, creating a legally irrelevant false fact scenario, and failing to disclose the names of their witnesses.  Ober asserted that these actions were taken to retaliate against him for exercising his First Amendment right to

---

[1]That motion was based on qualified immunity grounds.

[2]Thus we did not need to decide, and did not decide, whether defendants were entitled to qualified immunity.

file *Ober I*. Defendants moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The District Court granted the motion, concluding that Ober failed to state a cause of action for the First Amendment retaliation claim. He appeals.[3]

## II.

When a Rule 12(c) motion alleges plaintiff's failure to state a claim upon which relief can be granted as here, we analyze the motion under the same standard as a Rule 12(b)(6) motion to dismiss. *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). Therefore, our review of the District Court's order to dismiss is plenary and we affirm only if no relief could be granted after accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *Id.*

## III.

To prevail on his First Amendment retaliation claim, Ober must establish that: (a) he engaged in activity protected by the First Amendment; (b) defendants retaliated in response; and (c) defendants could not rebut the claim by demonstrating that they would have taken the same action even in the absence of the protected speech. *Baldassare v. State of New Jersey*, 250 F.3d 188, 194-95 (3d Cir. 2001). Although Ober's filing of a suit is protected under the First Amendment, *Anderson v. Davila*, 125 F.3d 148, 161 (3d Cir. 1997), he obviously fails to satisfy the second prong; he does not provide us with any factual or legal support for his contention that the alleged actions the attorneys and

---

[3]We have jurisdiction under 28 U.S.C. § 1291.

4

their investigator took were retaliation against him for his filing a lawsuit, as opposed to the actions merely taken for the purpose of defending a lawsuit. All he asserts is how inappropriate, distasteful, or unlawful defendants' conduct was during the litigation. Thus we agree with the District Court that what Ober is essentially alleging is nothing more than defendants' misconduct in the course of representing their clients, which, if true, should have resulted in sanctions assessed by the *Ober I* Court. *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999).

Ober also contends that defendants acted beyond the scope of their representation when they committed the alleged misconduct. As whether defendants acted within the scope of their representation has no bearing on the question of whether their conduct was retaliatory, we do not address this issue.

* * * * *

Accordingly, we affirm the District Court's order dismissing Ober's complaint.