**Brian K. REINBOLD, Appellant**

v.

**UNITED STATES POST OFFICE, Wilmington, DE Installations; NALC Local 191.**

**No. 07–2444.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 30, 2007.

Filed: Oct. 11, 2007.

Brian K. Reinbold, Marshallton, DE, pro se.

Office of United States Attorney, Wilmington, DE, Oriana Vigliotti, New York, NY, for United States Post Office, Wilmington, DE Installations; NALC Local 191.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Brian K. Reinbold appeals from an order of the United States District Court for the District of Delaware granting, on *res judicata* grounds, the defendants' motions

to dismiss.[1] Because we conclude the appeal presents no substantial question, *see* I.O.P. 10.6, we will grant the appellees' motions to summarily affirm the District Court's judgment.

In April 2004, Reinbold filed a *pro se* action against National Association of Letter Carriers Branches 191 and 1977 ("the NALC Defendants") in the Court of Common Pleas for the State of Delaware, New Castle County. The complaint alleged that between May 2001 and April 2005, the NALC Defendants "did not act in good faith in representing" Reinbold pursuant to a collective bargaining agreement. The NALC Defendants removed the case to the District Court. *See Reinbold v. NALC Local 1977*, D. Del. Civ. No. 04–cv–00342.

Thereafter, in January 2005, Reinbold initiated a new action in the District Court against the United States Postal Service ("USPS") and NALC Branch 191, alleging that, between January 2003 and December 2004, the defendants engaged in unfair labor practices and failed to adequately represent him pursuant to the collective bargaining agreement. *See Reinbold v. United States Postal Service*, D. Del. Civ. No. 05–cv–00047. After consolidating the cases for pre-trial purposes, the District Court granted the defendants' motions for summary judgment, concluding that Reinbold could not prevail in his claims against either defendant because the NALC Defendants had "vigorously represented" him. *See DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (holding that claims against union for breach of duty of

fair representation and claims against employer for breach of contract are "inextricably interdependent," and that "[t]o prevail against either the company or the Union, employee-plaintiffs must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.").

Reinbold filed another complaint in state court in August 2006, alleging that, between January 2003 and January 2005, Branch 191 and the USPS "engaged in unfair labor practices against him and failed to represent [him] per the [collective bargaining agreement]." The case was removed to the District Court, and the defendants moved to dismiss the complaint on *res judicata* grounds. The District Court granted the defendants' motions, finding that Reinbold's claims had been, or could have been, raised in his prior lawsuits. Reinbold appealed.

*Res judicata* bars claims that were actually litigated or could have been litigated in the prior action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). For *res judicata* to apply, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir.1984). Reinbold's current lawsuit meets all three requirements. First, there is a final judgment against Reinbold in the

---

1. Reinbold named two defendants in his present complaint, the United States Postal Service and the National Association of Letter Carriers Branch 191. The USPS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Branch 191 filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

When, as here, a Rule 12(c) motion alleges plaintiff's failure to state a claim upon which relief can be granted, we analyze the motion under the same standard as a Rule 12(b)(6) motion to dismiss. *See Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

consolidated cases described above; second, the USPS and Branch 191 were named as defendants both here and in the consolidated cases; and, finally, the consolidated cases and the present complaint are based on Reinbold's claims arising from USPS's termination of his employment and the subsequent collective bargaining grievance process.

For the foregoing reasons, we will grant the appellees' motions to summarily affirm the District Court's judgment entered on April 13, 2007.[2]

---

**2.** Reinbold's motion for appointment of counsel is denied.