

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2009

# Elmer Rodriguez v. US Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1592

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Elmer Rodriguez v. US Dept of Justice" (2009). *2009 Decisions.* Paper 1394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1592
_____

ELMER RODRIGUEZ,
                                    Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE; ATTORNEY GENERAL OF USA;
HARLEY G. LAPPIN, Director of the Bureau of Prisons; T. M. SZULANCZYK, Acting
Warden LSCI Allenwood; C. CRAIG, Physician Assistant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 07-cv-00748)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MARCH 13, 2009
Before: MCKEE, HARDIMAN AND ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 7, 2009)
_____

OPINION
_____

PER CURIAM

        Appellant, Elmer Rodriguez, appeals from an order entered by the United States

District Court for the Middle District of Pennsylvania granting appellees' motion to

dismiss or, in the alternative, for summary judgment.  For the reasons that follow, we will

affirm the judgment of the District Court.

The facts and procedural history of this case are well known to the parties. It is thus not necessary for us to restate them in great detail here. Rodriguez, a federal prisoner, filed the underlying complaint pursuant to 42 U.S.C. § 1983 on April 23, 2007, alleging that appellees were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Rodriguez asserts that he was seen by C. Craig, a physician's assistant ("P.A.") at LSCI Allenwood, in October 2004 for knee pain. At that visit, Craig drained fluid from Rodriguez's knee and, during the process, allegedly broke off part of the needle in Rodriguez's knee. Rodriguez's knee pain and swelling continued, and additional visits to the Health Services Unit failed to afford him relief.

Rodriguez eventually complained of the care he received from Craig and sought, through the administrative grievance process, to have an MRI study completed and to be referred to an orthopaedic specialist. In accordance with the Bureau of Prison's ("BOP") administrative remedy process, Rodriguez made an "informal resolution" attempt, filed a request for administrative remedy and an appeal of that adverse decision to the Warden, and then took a further appeal to the Regional Director. However, according to Rodriguez, because he was advised that he would be "referred out" for an MRI and orthopaedic consult just prior to the expiration of the time period for taking his final appeal to the BOP's Central Office, no appeal to that office was filed.

An MRI was eventually completed on January 24, 2006. In the report issued with respect to the findings of that MRI, six (6) probable causes of Rodriguez's knee pain were identified and a notation was made regarding a "metallic susceptibility artifact ... likely representing a small imbedded metallic object" that was noted just below the knee. During follow-up phone conversations with BOP personnel, the orthopaedic specialist advised that no surgery was necessary with respect to the findings of the January 24th MRI, and treatment recommendations included low impact activity and anti-inflammatory medications. Given the MRI notation regarding the metallic object, a series of x-rays were taken on April 22, 2006. The radiologist who reviewed Rodriguez's films, however, failed "to identify a visible radiopaque metallic foreign body anywhere in the field of view of the knee radiographs." Apparently dissatisfied with the manner in which appellees have responded to his concerns that a foreign metallic object remains in his body.

The appellees responded to Rodriguez's complaint with a motion to dismiss or, in the alternative, for summary judgment. Appellees argued that Rodriguez's claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the applicable statute of limitations bars his claim and, alternatively, that summary judgment pursuant to Fed. R. Civ. P. 56 was warranted given Rodriguez's failure to exhaust administrative remedies. The District Court agreed with appellees' contentions and entered judgment in their favor.

The District Court rejected Rodriguez's contention that the discovery rule was applicable in this case and that it tolled the limitations period until January 2006, at which time the MRI provided evidence for his contention that P.A. Craig broke a needle inside his leg. The court concluded that Rodriguez's complaint clearly revealed that the injury allegedly inflicted by P.A. Craig in October 2004 was not latent, and thus his claim was barred by the statute of limitations and would be dismissed pursuant to Rule 12(b)(6). The District Court further determined that, even assuming *arguendo* the claim was not barred by the statute of limitations, appellees were entitled to summary judgment insofar as Rodriguez failed to complete the administrative grievance process set forth in 28 C.F.R. § 542.15 as mandated by 42 U.S.C. § 1997e(a) and interpreted by both the Supreme Court and this Court. See District Court Opinion at 13, citing Woodford v. Ngo, 548 U.S. 81 (2006); Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 739; Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). The District Court found immaterial any explanation Rodriguez sought to offer with respect to his failure to exhaust administrative remedies. An appropriate order disposing of Rodriguez's complaint was entered and this timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting appellees' motion to dismiss the complaint and for summary judgment. See Debiec v. Cabot Corp., 352 F.3d 117, 128 n.3 (3d Cir. 2003); Broselow v. Fisher, 319 F.3d 605, 607 (3d Cir. 2003). In

4

reviewing an order granting a motion for judgment on the pleadings, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in the light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993). After careful review of the record, we find that summary judgment in favor of appellees was proper given Rodriguez's failure to exhaust his administrative remedies.

We initially point out that the exhaustion analysis in the instant case must focus on the claim which actually serves as the basis of Rodriguez's complaint. The record is replete with assertions by Rodriguez that what he sought in the immediate aftermath of his October 2004 visit with P.A. Craig was an MRI and consult with an orthopaedic specialist. The record further indicates that Rodriguez concedes he received exactly what was requested, and, in fact, this is the reason he chose not to file an appeal with the Central Office. The impetus behind the filing of the underlying Bivens complaint, on the

other hand, is Rodriguez's contention that appellees have since been deliberately indifferent to his serious medical needs by failing to provide for the removal of the metallic object which is allegedly embedded in his knee. See Complaint at p.7 ("I have been living up to now with the expectation and fear if that piece of metal will travel through my organism, and damage any vital organ. Therefore, my claim for deliberate indifference, because medical department at Allenwood is aware of my claim."); Complaint at 8 ("None of the above defendants has pay attention to my claim in order to have that object taken out of my body. [T]his has cause me mental, psychological and emotional damage.). While Rodriguez is correct in his assertion that the factual basis for this claim did not come to light until the MRI was conducted in January 2006, appellees properly argue that this claim has not been exhausted through the administrative grievance process.

"[T]he PLRA exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). As the Supreme Court has noted, "[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules." In the instant case, Rodriguez has failed to comply, to any extent, with the prison's grievance system with respect to the Eighth Amendment claim of deliberate indifference presented in his complaint. At no level has the prison grievance system been afforded the opportunity to

address Rodriguez's contention that he is in need of surgery in order to restore his health and protect his general well being. Accordingly, summary judgment in favor of appellees was warranted and we will affirm the judgment of the District Court. See <u>Hi Tech Trans, LLC v. New Jersey</u>, 382 F.3d 295, 297 n.3 (3d Cir. 2004), <u>citing</u> <u>Nicini v. Morra</u>, 212 F.3d 798, 805 (3d Cir. 2000) (court of appeals may affirm for any reason supported by the record).