# RONALD MATTA, Plaintiff
## v.
# MAJESTIC CONSTRUCTION, INC. and REEF MANAGEMENT GROUP, LLC, Defendants

Case No. ST-07-CV-109

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 11, 2009

DUNSTON, *Judge of the Superior Court of the Virgin Islands*

## MEMORANDUM OPINION AND ORDER

### (June 12, 2009)

Pending before the Court is Majestic Construction, Inc.'s ("Majestic") October 6, 2008, Motion for Summary Judgment seeking dismissal of Plaintiff Ronald Matta's ("Matta") Complaint.[1] Also pending before the Court is Reef Management Group, LLC's ("Reef") December 18, 2008, Motion for Summary Judgment seeking dismissal of Malta's Complaint.[2] For reasons stated below, this Court will deny both Majestic's motion and Reef's motion without prejudice.

### FACTUAL AND PROCEDURAL HISTORY

On November 30, 2005, Majestic purportedly sold a 1988 Honda four wheel all terrain vehicle ("ATV") " 'as is where is' " to Reef allegedly

---

[1]  On January 23, 2009, Matta filed an Opposition and Majestic filed a Reply on February 19, 2009.

[2]  On January 28, 2009, Matta filed an Opposition and Reef filed a Reply on February 17, 2009.

acting on behalf of Enighed Condominiums, LLC ("Enighed") for five hundred dollars ($500.00). (Majestic's Motion for Summary Judgment. Exhibit C). The ATV was to be shipped to "Enighed Condominiums, LLC Sirenusa[3] c/o Steve Paris (*sic*)."[4] On January 17, 2006, "Reef Management Group LLC Enighed Condos" ("Reef/Enighed") submitted a check to Majestic for fourteen thousand six hundred two dollars and fifty cents ($14,602.50). (Exhibit C). Reef/Enighed's payment covered a bill owed to Majestic, dated December 1, 2005, for five hundred dollars ($500.00). (*Id*). Majestic subsequently generated a receipt indicating that it received a payment of fourteen thousand six hundred two dollars and fifty cents ($14,602.50) from "Reef Mgmt. Group LLC Enighed Condos (Sirenusa)." (*Id*). On May 11, 2006, Matta operated the ATV to build a silt fence on a job site for his employer CFR Painting Contractors and was injured when the ATV purportedly malfunctioned. Matta filed a Complaint against Majestic on February 28, 2007 and an Amended Complaint against Majestic and Reef on August 9, 2007.

## ANALYSIS

### a) Majestic's Motion for Summary Judgment

At issue before the Court is whether Majestic owed a duty of care to Matta at the time of his injury based on Majestic's ownership of the ATV. Matta asserts that Majestic owed him a duty because, although Majestic transferred the ATV to Reef for five hundred dollars ($500.00), Majestic failed to deliver a certificate of title, the ATV remained registered in Majestic's name, and, as a consequence. Majestic remained the owner of the ATV at the time of the accident.[5]

Majestic asserts that, while the ATV was registered at one time, the Motor Vehicle Bureau of the Virgin Islands ("MVB") instituted a policy

---

[3]     Sirenusa is a construction site owned by Enighed. Enighed hired Reef to provide various developmental services for certain land owned by Enighed in St John.

[4]     On October 30, 2008, Steve Parris testified at a deposition that he purchased an ATV from Majestic, removed it from Majestic's property, and took the ATV to "Sarenusa (*sic*)". Parris Deposition, page 31, line 21.

[5]     This Court also notes that included in Matta's Opposition to Majestic's Motion for Summary Judgment is an assertion that Majestic negligently entrusted Reef with the possession of the ATV. Matta, however, has not amended his First Amended Complaint to include a claim of negligent entrustment.

change and no longer authorized Majestic to re-register the ATV. As a result, Majestic asserts that a transfer of ownership of an ATV would merely require delivery of the ATV from the seller to the buyer, which was done in this case.

Rule 56 of the Federal Rules of Civil Procedure, adopted by the Virgin Islands Superior Court through Rule 7 of the Rules of the Superior Court, provides that summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Courts generally decide the question whether a defendant owed a legal duty to a plaintiff. *Turbe v. Government of the Virgin Islands,* 938 F.2d 427 (3d Cir. 1991). The general rule is that a person does not have a duty to warn or otherwise protect another if said person realizes that the other is at risk of injury. RESTATEMENT (SECOND) OF TORTS § 314. Nevertheless, an affirmative duty to protect or assist can be imposed if an individual has a "special relationship" with another. *Turbe, supra,* at 429.

V.I. CODE ANN. tit. 20 § 215 underlines the proper procedure for transferring an interest in a vehicle,[6] Under 20 V.I.C. § 215(e), "an owner who has delivered possession of a vehicle to the transferee and has complied with the provisions of this section and section 218 of this chapter requiring action by him is not liable as owner for any damages thereafter resulting from operation of the vehicle." Under 20 V.I.C. § 218(c), a transferor of a vehicle "shall deliver to the transferee at the time of delivery of possession of the vehicle the registration card for the vehicle."

■ 20 V.I.C. § 215(e) may not apply in all circumstances, however. "The [MVB] issues certificates of title on all vehicles that can be legally registered for the public roadways." (Email from Myrna George, Assistant Director of the MVB (May 21, 2009)). A vehicle that has an expired registration and cannot be re-registered would not have a valid

---

[6]    Pursuant to 20 V.I.C. § 101, a "motor vehicle" is defined as: "all vehicles propelled by power other than muscular, except those running upon rails or tracks, road rollers, tractors, and self-propelled plows and golf carts used solely for recreational purposes on golf courses and not on public roads or highways."

registration card. Consequently, a seller who transfers a vehicle and does not comply with 20 V.I.C. § 215(e) may still not be liable for any subsequent damages that arise from the operation of the vehicle.

█ Attached to Majestic's Motion for Summary Judgment is Exhibit A, a letter signed by Ralph Powell, a former inspector of vehicles for the MVB. In the letter, Powell asserts that he did not authorize the re-registration of the ATV in 1994 on the basis that "a policy change was instituted that required an owner of an ATV to obtain a 'Road Worthy Certificate' from the manufacturer before it could be registered." Foremost, Exhibit A is simply a notarized letter and not an averment under the penalty of perjury that the contents of the letter are true and correct. *See Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir.1993) ["a letter 'must be attached to an affidavit and authenticated by its author in the affidavit or a deposition' " (quoting 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2722, at 60 (1983 & 1993 Supp.))]. *See also* LRCi 56.1(a)(1) (summary judgment motion shall be accompanied by a brief, affidavits and/or supporting documents). In addition. Powell does not establish in the letter that he held a position at the MVB giving him the authority to state the "policy" of the MVB. Instead, he crosses out the title of "director" that was written after his name in the letter and inserts the title of "SUV," which Majestic has not further clarified in its motion. Furthermore, assuming there was such a policy change requiring the submission of a "Road Worthy Certificate," there is no indication that Majestic was unable to comply with this requirement. In addition, while Powell's letter indicates that the ATV could not be re-registered in 1994 based on the policy change, Majestic asserts on page four of its Motion for Summary Judgment that the policy change was instituted in 2004.[7] Regardless, the accident occurred in 2006. and the letter does not indicate whether the ATV could be registered in that year.

█ At this stage of the litigation, there exists a material issue of fact as to whether (1) Majestic owed a duty of care to Matta, (2) whether the ATV

---

[7] Indeed the last time the ATV was registered was in 2003, which expired on August 8, 2004.

was a "motor vehicle" to which 20 V.I.C. § 101, *et seq.*, applied,[8] (3) whether Majestic's failure to get a "Road Worthy Certificate" was all that prevented it from registering the ATV, and (4) whether a "bill of sale" was all that was required to effectively avoid liability.

### b) Reef's Motion for Summary Judgment

Matta asserts that Reef failed to warn him of the unsafe condition of the ATV and failed to properly inspect, maintain, and repair the ATV. In response, Reef asserts that Matta's supervisor Steve Parris told Matta at least twice not to ride the ATV.

██ Reef's Motion for Summary Judgment fails for the same reason that Majestic's motion does in that Reef's motion is unsupported by affidavit. An unsigned "affidavit of merits" by Christian Rosenberg does not constitute a sworn affidavit. Exhibit 22 also has not been authenticated. Exhibits 5 through 21 of Reef's motion are deposition excerpts that are not separately identified with a title page and a certificate of reporter. It is unclear whether Matta or Reef is the deposing party in these excerpts and the depositions, in general, are inconsistently described.[9] In addition, Reef's vague allegations that it was "contracted by Enighed Condominiums, LLC" and that Reef purchased the ATV "on behalf of Enighed Condominiums, LLC" are insufficient attempts at establishing an agency defense. Reef has not claimed that Enighed is the owner of the ATV nor has it filed a Third Party Claim against Enighed for indemnity or contribution. Moreover, Reef has not sufficiently clarified for the Court what companies Steve Parris, Todd Schultz, and Todd Vansickle worked for at the time of the incident, and what position/level of authority each of these individuals enjoyed. Filially, this Court declines to rule on Reef's assumption of risk affirmative defense at this stage in the litigation. There is a genuine issue of material fact as to whether Matta understood the risk involved in operating the ATV that may or may not have been defective at the time he was injured. *See Smith v. Seven Springs*

---

[8] Majestic has not submitted an affidavit from anyone with authority at the MVB to substantiate its allegation that the MVB no longer considers an ATV as a "motor vehicle" under 20 V.I.C. § 101.

[9] Reef refers to the deposition excerpts as "Depo. testimony", "deposition testimony", "Plaintiff's depo.", "plaintiff's depo testimony", and "Depo." (Reef's Motion for Summary Judgment, pages 2-3).

*Farm. Inc.*, 716 F.2d 1002, 1009 (3d Cir. 1983) (if by reason of lack of information a plaintiff did not understand the risk involved in a particular situation that resulted in this injury, he did not assume the risk).

## CONCLUSION

**UPON CONSIDERATION** of the motion submitted, it is

**ORDERED** that Majestic's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**; and it is

**ORDERED** that Reef's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE**; and it is

**ORDERED** that copies of this Order shall be directed to counsel of record.