**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4431
_____

JACQUELYN B. N'JAI,
                    Appellant

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; ANNIE HOYT;
GARY BENTZ; CONNIE BENTZ; C.A. BENTZ LLC
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:13-cv-01212)
District Judge:  Honorable Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed:  July 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

       Jacquelyn B. N'Jai appeals from orders of the United States District Court for the

Western District of Pennsylvania granting the defendants' motion to dismiss, their motion

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

for partial judgment on the pleadings, and their motion for summary judgment.  We will affirm.

From 2008 through 2012, N'Jai lived in an apartment in Pittsburgh owned by Gary and Connie Bentz.  According to N'Jai, water from a broken drainpipe caused a severe mold infestation, the walls contained lead paint, and "unlawful renovations" created mold and lead dust that permeated the apartment.  N'Jai alleged that, as a result, she experienced cramping of her toes, spasms in her extremities, burning in her eyes, choking and gagging, and uncontrollable coughing.  She contacted the Environmental Protection Agency (EPA), which investigated and issued a Notice of Noncompliance because Gary Bentz failed to disclose the possibility of lead paint in the apartment.

N'Jai filed a complaint in the District Court, which she later amended, against the Bentzs and their real estate company, C.A. Bentz LLC.[1]  She asserted claims for negligence, negligent infliction of emotional distress, private nuisance, breach of contract, and breach of implied warranty of habitability.  In addition, she raised claims under the Residential Lead-Based Paint Hazard Reduction Act and the Toxic Substances Control Act (TSCA).

---

[1] N'Jai initially named as defendants the EPA and one of its administrators.  The District Court granted those defendants' motion to dismiss, N'Jai v. EPA, No. 2:13-01212, 2014 WL 2508289, at *1 (W.D. Pa. June 4, 2014), and N'Jai has waived any challenge to that order.  See Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)).

The defendants filed a motion for partial judgment on the pleadings, see Fed. R. Civ. P. 12(c), which the District Court granted in part. N'Jai v. Bentz, No. 2:13-01212, 2015 WL 5123691 (W.D. Pa. Sept. 1, 2015). In particular, the District Court held that there was no basis for an award of treble damages for N'Jai's common law claims, that the TSCA does not permit private citizens to sue for damages, and that punitive damages were unavailable for her breach of contract and breach of implied warranty of habitability claims. Id. at *3-5.

The defendants next filed a motion for summary judgment, see Fed. R. Civ. P. 56(a), arguing that N'Jai's remaining claims should be dismissed because she failed to support her allegations with expert reports. The District Court agreed with respect to N'Jai's negligence claim, her negligent infliction of emotional distress claim, and her claim under the Residential Lead-Based Paint Hazard Reduction Act. N'Jai v. Bentz, No. 2:13-01212, 2016 WL 7404550, at *3-7 (W.D. Pa. Dec. 22, 2016). But the District Court concluded that expert testimony was not required for N'Jai's claims for private nuisance with respect to non-medical damages, and for breach of contract and breach of implied warranty of habitability seeking rent abatement and reimbursement for remediation costs. Id. at *7-9. Therefore, the District Court denied the defendants' motion for summary judgment as to those claims. Id. Nevertheless, the District Court declined to exercise supplemental jurisdiction over those claims, which were grounded entirely in state law.

3

Id. at \*10.  Consequently, the District Court dismissed those claims without prejudice to refiling them in state court.[2]  N'Jai appealed.  Id. at \*10-11.

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over orders granting motions for judgment on the pleadings and motions for summary judgment.  See Leamer v. Fauver, 288 F. 3d 532, 535 (3d Cir. 2002); Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).  In addition, we review the District Court's decision to refrain from exercising supplemental jurisdiction over the state law claims for abuse of discretion.  Edelstein v. Wilentz, 812 F.2d 128, 134 (3d Cir. 1987).  We may affirm on any basis supported by the record.  Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly granted in part the defendants' motion for partial judgment on the pleadings with respect to N'Jai's request for relief under the TSCA.  In reviewing an order granting a motion for judgment on the pleadings, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff.  See Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  The TSCA "does not permit private citizens to pursue either civil penalties available under the statute (which may only be imposed by the EPA) … or compensation for personal injuries[.]"  Cudjoe ex rel. Cudjoe v. Dep't of Veterans Affairs, 426 F.3d

---

[2] The District Court also properly dismissed C.A. Bentz, LLC, because it did not exist as a legal entity at the time of the events giving rise to N'Jai's claims.  N'Jai, 2016 WL 7404550, at \*10 (stating that there was "uncontradicted evidence that the paperwork required to form the LLC was not filed with the Pennsylvania Department of State until

4

241, 248 n.5 (3d Cir. 2005) (internal citations omitted). Although private citizens may sue to enjoin TSCA violations, see id., N'Jai did not seek such relief. Even if she had, however, injunctive relief was unavailable because N'Jai had moved out of the apartment before she filed her complaint. Roe v. Operation Rescue, 919 F.2d 857, 864 (3d Cir. 1990) (holding that to establish standing in an action for injunctive relief, a plaintiff must show that she is likely to suffer future injury from the defendant's illegal conduct).

The District Court also properly held that the defendants were entitled to summary judgment on N'Jai's negligence claim, her negligent infliction of emotional distress claim, and her claim under the Residential Lead-Based Paint Hazard Reduction Act. Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). In Pennsylvania, a plaintiff attempting to establish claims of negligence or negligent infliction of emotional distress must show, inter alia, causation. Brown v. Phila. Coll. of Osteopathic Med., 760 A.2d 863, 868 (Pa. Super. Ct. 2000). Generally, in toxic tort actions, expert testimony on causation is required. Redland Soccer Club, Inc. v. Dep't of Army of U.S., 55 F.3d 827, 851-52 (3d Cir. 1995); see also Heller v. Shaw Indus., Inc., 167 F.3d 146, 153 (3d Cir. 1999) (stating that expert's testimony was "critical for proving that the … carpet was the cause of [the plaintiff's] illness."). Here, however, N'Jai did

January 22, 2015.").                                        5

not offer expert evidence demonstrating that her illnesses were the result of lead or mold in her apartment. See Redland Soccer Club, 55 F.3d at 848 (holding that summary judgment was proper where plaintiffs presented no expert evidence to support emotional distress claim based on exposure to chemicals). Accordingly, summary judgment was properly entered in favor of the defendants. See Wills v. Amerada Hess Corp., 379 F.3d 32, 50 (2d Cir. 2004) ("Absent admissible expert testimony on the issue of causation, [a plaintiff is] unable to sustain her burden to prove causation.").

The absence of expert evidence is also fatal to N'Jai's claim under the Residential Lead-Based Paint Hazard Reduction Act, which, as relevant here, directs lessors to disclose the presence of lead-based paint or lead-based paint hazards. See 42 U.S.C. § 4852d(a)(1)(B). The Act also "plainly creates a private right of action for damages caused by a private party's violation of the … disclosure requirements." Cudjoe, 426 F.3d at 249 (citing 42 U.S.C. § 4852d(b)(3)). Here, the District Court assumed that the defendants "technically violated the Act by failing to provide [N'Jai] with required disclosures and pamphlets," but that N'Jai "has nevertheless failed to adduce sufficient evidence to survive summary judgment with respect to causation and damages." N'Jai, 2016 WL 7404550, at *7. We agree. Notably, N'Jai stated in her deposition testimony that she "probably" would have still lived in the apartment if the proper disclosures had been made. In addition, although N'Jai submitted the results of a laboratory test stating that samples taken from her apartment contained lead, she did not present evidence demonstrating that she had been exposed to the lead or that the levels of lead in the

6

apartment were hazardous. See Mitchell v. Gencorp Inc., 165 F.3d 778, 781 (10th Cir. 1999) (holding that plaintiff was required to demonstrate the level at which exposure to the toxic substance is hazardous to human beings and the plaintiff's actual level of exposure to the substance). Indeed, N'Jai failed to submit any evidence to rebut an expert report, submitted by the defendants, that stated that N'Jai's symptoms did not indicate any lead-based disease and that her blood test did not reveal elevated lead levels.

Finally, we conclude that the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over N'Jai's state law claims. A District Court has discretion to decline to exercise supplemental jurisdiction over state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Given that the District Court properly dismissed N'Jai's claims under federal law, it plainly acted within its discretion in declining to hear her claims under state law. See Maio v. Aetna, Inc., 221 F.3d 472, 480 n.6 (3d Cir. 2000).

For the foregoing reasons, we will affirm the judgment of the District Court.[3]

---

[3] The Appellees' motion to supplement the appendix and to file the supplemental appendix under seal is granted. We note that the supplemental appendix contains personal identifying information about N'Jai. N'Jai's motion for leave to file second reply brief and supplemental appendix, and her motion to compel the filing of that material, are granted.