**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

C.A. No. 14-1415

———————

SARA ANN EDMONDSON,

Appellant

v.

LILLISTON FORD, INC.; JANE AND JOHN DOES 1-10, INDIVIDUALLY AND AS
OWNERS, OFFICERS, DIRECTORS, FOUNDERS, MANAGERS, AGENTS,
SERVANTS, EMPLOYEES, REPRESENTATIVES, AND/OR INDEPENDENT
CONTRACTORS OF LILLISTON FORD, INC.; XYZ CORPORATIONS 1-10

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-07704)
District Judge:  Honorable Renée M. Bumb

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 4, 2014
Before:  CHAGARES, JORDAN and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 25, 2014)

———————

OPINION

———————

PER CURIAM

Appellant Sara Edmondson brought this lawsuit against appellee, Lilliston Ford,

Inc. ("Lilliston"), alleging that it engaged in fraudulent business practices that violated

several federal and state laws.  She appeals the District Court's denial of her motion to compel arbitration under the Federal Arbitration Act.  For the reasons stated below, we will vacate and remand with instructions that the District Court decide the motion to compel before it reaches the motion to dismiss presented by the appellee.  We emphasize, however, that the District Court should first ensure that it has subject matter jurisdiction over Edmondson's suit.

I.

Edmondson purchased a used Ford Focus from Lilliston on February 15, 2012.  She alleged that she chose to purchase from Lilliston after receiving its advertisement for a tax refund event in which a $1,000 down payment voucher was offered.  According to Edmondson, Lilliston did not apply the $1,000 down payment credit, in spite of her presentation of the voucher to the sales representative, who told her he was applying the credit to the purchase price.  Nor did Lilliston's agents apply a special friends and family "X Plan" discount that she had acquired from a friend.  Edmondson also alleged that the Ford Focus she received was unsafe to drive, despite its designation as a "Certified Pre-Owned" vehicle and the express statements by Lilliston's agent that the car was in "excellent condition."

Shortly after the purchase, Edmondson experienced mechanical difficulties with the car.  After multiple attempts to repair the vehicle, she tried to return it, but Lilliston would not accept it.  When Edmondson subsequently refused to provide Lilliston with the title to a vehicle that she had traded in as part of the deal for the Ford Focus, the

2

dealership initiated a lawsuit in state court, to which Edmondson responded with a counterclaim. The record shows that, in January 2013, the state court dismissed the complaint and counterclaim without prejudice. According to Lilliston, the parties reached a settlement whereby the dealership withdrew its claims without prejudice on the condition that Edmondson execute a form stating that the title to the trade-in vehicle was lost. After Edmondson refused to provide that form, the dealership moved for sanctions to enforce the alleged settlement. Edmondson contests the existence of that alleged settlement agreement. Rather, according to Edmondson, the parties mutually agreed to withdraw their claims in order to engage in arbitration, pursuant to an arbitration clause in the sales agreement that governed the purchase. No written documentation of a settlement agreement was presented by Lilliston, and the record reflects that the state court denied Lilliston's motion to enforce the alleged settlement agreement.

Edmondson filed a demand for arbitration with the American Arbitration Association ("AAA") in October 2013. According to a November 19, 2013 letter from the AAA administrator, however, Lilliston did not pay the required arbitration fees. As a result, the AAA declined to arbitrate the case and requested that Lilliston remove all reference to the AAA from the arbitration agreement clause that appeared on Lilliston's lease and sales forms.

Edmondson then filed a complaint in the District Court. She brought several state-law claims of fraud and misrepresentation, as well as claims under the federal Odometer

3

Act[1] and the Magnuson-Moss Act. Lilliston filed an answer and a counterclaim. Shortly thereafter, Lilliston filed a motion to dismiss under Rule 12(b)(6), on the sole ground that the action was barred by the principles of res judicata.[2] Prior to a hearing on Lilliston's motion to dismiss, Edmondson filed a motion to compel arbitration under the Federal Arbitration Act ("FAA"). The District Court dismissed Edmondson's motion to compel without prejudice, pending a determination on Lilliston's motion to dismiss. Edmondson appealed.

## II.

Our appellate jurisdiction over the District Court's dismissal of Edmondson's motion to compel arbitration is conferred by section 16 of the Federal Arbitration Act (the "FAA"). Section 16 mandates that an appeal may be taken from an order refusing a stay of any action under § 3 of the FAA or denying a petition to compel arbitration under § 4 of the FAA. 9 U.S.C. 16 (a)(1)(A) – 16(a)(1)(B).[3] In addition to the plain language

---

[1] According to Edmondson, the car was never actually inspected to determine whether it qualified for the pre-owned warranty certification program. She alleged that such an inspection would require road tests and, according to recorded odometer readings, no mileage was added to the car between the time it was transferred from the prior owner to Lilliston and the time Lilliston transferred it to Edmondson.

[2] Because Lilliston filed its motion to dismiss after its responsive pleading, the motion is more properly construed as a request for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Turbe v. Gov't of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

[3] Edmondson, who had previously received the assistance of an attorney but filed her "Motion to Compel Arbitration" pro se, cited to § 3 of the FAA in her motion. Section 3 permits federal courts to stay proceedings pending arbitration. It is evident, however, that the primary relief that Edmondson sought was an order compelling arbitration, which

4

of §16, other parts of the FAA "evince clear Congressional intent that challenges to refusals to compel arbitration be promptly reviewed by appellate courts." Sandvik AB v. Advent Int'l Corp., 220 F.3d 99, 102-103 (3d Cir. 2000). Our jurisdictional authority is unaffected by the fact that the motion was denied without prejudice. See Quilloin v. Tenet HealthSystem Phila., Inc., 673 F.3d 221, 227-28 (3d Cir. 2012) ("[T]here can be no doubt that we have the authority to review an appeal from the District Court's order denying a motion to compel arbitration, irrespective of the fact that the order was denied without prejudice.") (internal quotations and citation omitted).[4] Our review of the District Court's denial of Edmondson's motion to compel arbitration is plenary. Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir. 1992).

III.

The limited question before us is whether the District Court erred in dismissing Edmondson's motion to compel arbitration and stay proceedings as premature pending a determination of Lilliston's motion to dismiss. "By its terms, the [Federal Arbitration]

---

would arise under § 4 of the FAA. We thus construe her motion as a motion to compel arbitration under § 4 and, after a determination of such arbitrability, to stay the current federal action under § 3.

[4] The District Court's express denial of the motion to compel arbitration distinguishes this case from the situation considered by the Seventh Circuit in Cont'l Cas. Co. v. Staffing Concepts, Inc., 538 F.3d 577, 580 (7th Cir. 2008). There, the District Court struck a motion to compel arbitration without expressly denying it, thereby creating ambiguity with regard the nature of the order. Here, the District Court expressly denied the motion to compel, leaving no such room for ambiguity. See, e.g., Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004) (asserting jurisdiction under § 16 where the District Court dismissed the motion to compel arbitration without prejudice pending resolution of a 12(b)(6) motion challenging venue).

5

Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). Thus, if the parties have a valid, enforceable arbitration agreement and any of the asserted claims are within its scope, the motion to compel arbitration cannot be denied. See 9 U.S.C. § 4. This is so even if the denial is without prejudice for the purpose of permitting the District Court to make a determination on a pending motion to dismiss. See, e.g., Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004) (holding that the District Court erred in dismissing a motion to compel without prejudice as superfluous to a pending 12(b)(6) motion alleging improper venue). Similarly, a motion to stay under § 3 may not be denied if any issue is arbitrable under a valid, enforceable arbitration agreement. See 9 U.S.C. § 3; see also Lloyd v. HOVENSA, LLC., 369 F.3d 263, 269 (3d Cir. 2004) ("[T]he plain language of § 3 affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration.").

There is at least a reasonable possibility that some of the issues presented are arbitrable. Exhibit A to Edmondson's notice of appeal is a document that contains what appears to be a signed arbitration agreement that states, among other things, that "[t]he parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to the sale or lease identified in this agreement." The sale identified in that document is that of

6

the 2012 Ford Focus that is the subject of Edmondson's complaint. The District Court has yet to determine, however, whether the alleged agreement is valid and enforceable. See 9 U.S.C. § 2 (providing that agreements in writing to submit controversies to arbitration shall be "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

The FAA instructs that when a party petitions a district court for an order directing arbitration, "[t]he court *shall* hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4 (emphasis added). Edmondson petitioned the District Court for an order directing arbitration. That petition was denied without prejudice so that the District Court could consider Lilliston's motion to dismiss. A premature determination on the motion to dismiss in favor of Lilliston, however, would effectively preclude the District Court from hearing the parties to consider the alleged arbitration agreement, offending the clear mandate of the FAA. See id.; see also Sharif, 376 F.3d at 726. The District Court must first determine the scope of arbitrable issues, if any, and then determine in the first instance what portion of the claims and defenses are properly before the arbitrator. Id.; see also Medtronic AVE, Inc. v. Adv. Cardiovascular Sys., Inc., 247 F.3d 44, 54-55 (3d Cir. 2001).

Although we are mindful of the District Court's authority to manage its own docket, that authority is, in this instance, secondary to the clear Congressional intent

7

behind the FAA "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1982). The District Court thus erred in refusing to consider the merits of the motion to compel on the basis that it was premature pending the resolution of Lilliston's motion to dismiss and stay. See Sharif, 376 F.3d at 726; see also HOVENSA, LLC., 369 F.3d at 269.

## IV.

After this matter was taken on appeal, Edmondson filed a motion for recusal. Although the disposition of that motion is not currently on appeal, we note that the District Court's corresponding order to that motion raises, among other things, the question of subject matter jurisdiction. The District Court is not precluded from making a threshold determination of subject matter jurisdiction prior to proceeding with an analysis of the motion to compel. To the contrary, a determination as to subject matter jurisdiction is a necessary component of that analysis. This is because the FAA does not independently confer federal subject matter jurisdiction. See 9 U.S.C. § 4 (instructing that a petition to compel arbitration under the FAA may only be brought in a District Court "which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties . . ."); see also Moses H. Cone Mem'l Hosp., 460 U.S. at 26 n.32.[5]

---

[5] Diversity jurisdiction appears to be precluded here because the parties are both citizens of New Jersey. The District Court should thus look through to the complaint to determine if the complaint sufficiently alleges facts upon which subject matter

8

We leave it to the District Court to consider in the first instance its subject matter jurisdiction. If the District Court determines it has subject matter jurisdiction, it should then proceed with a determination on the motion to compel arbitration.

V.

In light of the foregoing, we will vacate the District Court's order dismissing Edmondson's motion to compel arbitration and remand this case to the District Court for further proceedings consistent with this opinion.

---

jurisdiction may be based. See Vaden v. Discover Bank et al., 556 U.S. 49, 50-51 (2009). That analysis is, of course, different from that conducted when considering the merits of the claim. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'") (quoting Oneida Indian Nation of N .Y. v. County of Oneida, 414 U.S. 661, 666 (1974)). Although Edmondson's complaint contains two federal claims under the Odometer Act and the Magnuson-Moss Act, the District Court has raised concern as to the sufficiency of those pleadings for the purpose of establishing federal subject matter jurisdiction.