**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1991
_____

SARA ANN EDMONDSON,
Appellant

v.

LILLISTON FORD INC;
JANES AND JOHN DOES 1-10, individually and as owners, officers,
directors, founders, managers, agents, servants, employees, representatives
and/or independent contractors of LILLISTON FORD, INC.;
XYZ CORPORATIONS 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-13-cv-07704)
District Judge: Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2017
Before: SHWARTZ, KRAUSE, and RENDELL, Circuit Judges

(Opinion filed: January 11, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sara Ann Edmondson appeals from the District Court's order denying her motion to vacate an arbitration award entered against her in favor of Lilliston Ford, Inc. ("Lilliston"), and granting Lilliston's cross-motion to confirm the arbitration award and its application for attorneys' fees and costs. For the reasons that follow, we shall affirm the District Court's order.

In 2013, Edmondson filed a complaint in the District Court raising claims under the Federal Odometer Act and the Magnuson-Moss Warranty Act, as well as state law claims for, inter alia, fraud. The claims stem from alleged wrongs related to her purchase of a used car from Lilliston. In short, pursuant to a Retail Installment Agreement ("the Agreement"), Edmondson agreed to trade a 2004 Lincoln LS for an $800 credit towards the purchase of a used Ford Focus. Shortly after the purchase, Edmondson experienced problems with the Ford Focus. Lilliston refused her attempt to return the car and demanded title to the Lincoln or reimbursement for the $800 credit she received for the purchase. After protracted proceedings, including a previous appeal to this Court[1], the District Court granted Edmondson's motion to compel arbitration under the Federal Arbitration Act (FAA).

The parties could not agree on the selection of an arbitrator, or on which party was responsible for the costs associated with arbitration. Edmondson filed a demand for arbitration with the American Arbitration Association (AAA). The AAA noted that the arbitration clause had not been registered through its Consumer Clause Registry; it

---

[1] See Edmondson v. Lilliston Ford, Inc., 593 F. App'x 108 (3d Cir. 2014) (vacating an order dismissing a motion to compel arbitration).

directed Lilliston to register the arbitration clause, and to pay the associated registry and filing fees. Lilliston refused to mediate before the AAA, stating that it had "severed ties" with it "years ago"; consequently, the AAA declined to administer the case. Edmondson then filed a motion for summary judgment, arguing that the arbitration clause was void because Lilliston had fraudulently represented its intent to arbitrate with the AAA, as evidenced by its failure to register the arbitration clause with the AAA, and its severance of ties with the AAA. After a hearing on the motion, the District Court entered an order directing the parties to show cause why the agreement did not "require the parties to submit their disputes to arbitration conducted by the AAA or by an individual or organization authorized by the AAA and the Defendants to pay the costs associated with the arbitration as set forth in the Consumer Arbitration Rules." Dist. Court's March 3, 2016 Op. at 5. Lilliston filed a notice of intent to consent to arbitration with the AAA, and the arbitration proceedings were held in December 2016.

The AAA arbitrator issued an award dismissing all of Edmondson's claims and ordering her to execute documents vesting clear title to the Lincoln to Lilliston within 14 days, or to refund the $800 and remove the Lincoln from Lilliston's property. In addition to awarding attorneys' fees and costs, the award also indicated that Lilliston "shall be entitled to apply for an Order in a Court of competent jurisdiction granting clear title to the 2004 Lincoln." Appellee's Suppl. App. at 133a.

Edmondson moved to vacate the arbitration award, and Lilliston moved to confirm it. The District Court entered judgment on April 26, 2017, confirming the arbitration

3

award, awarding fees and costs totaling $10,709.39, and denying the motion to vacate. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16.[2] We review the District Court's legal conclusions de novo and any factual findings for clear error. See Opalinski v. Robert Half Int'l Inc., 761 F.3d 326, 330 (3d Cir. 2014); Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 251 (3d Cir. 2013). Our review of the underlying arbitration award is "extremely deferential." Dluhos v. Strasberg, 321 F.3d 365, 372 (3d Cir. 2003). Under the FAA, a court may vacate an arbitration award only if "(1) it 'was procured by corruption, fraud, or undue means;' (2) the arbitrator was 'partial[] or corrupt[];' (3) the arbitrator unjustifiably refused to postpone the hearing, refused to consider 'evidence pertinent and material to the controversy,' or engaged in any other 'misbehavior' that prejudiced the rights of a party; or (4) the arbitrator 'exceeded [his or her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" Roadway Package Sys., Inc. v. Kayser, 257 F.3d 287, 291 n.2 (3d Cir. 2001) (quoting 9 U.S.C. § 10),

---

[2] To the extent the Court's order was not final when entered, it became final at the time that the 30-day period for filing the motion for a clear title expired without any action by Lilliston. See e.g. Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order becomes final where plaintiff given 30 days to amend complaint, but instead files notice of appeal within that time). In any event, the arbitration award was confirmed in its entirety, and was thus immediately appealable. See Virgin Islands Hous. Auth. v. Coastal Gen. Const. Servs. Corp., 27 F.3d 911, 913 (3d Cir. 1994); see also 19 J. Moore, et al., Moore's Manual: Federal Practice and Procedure, § 203.12[4][a] (2016) ("An order confirming an arbitration award or denying the confirmation of an award in its entirety is immediately appealable as of right as a final decision.").

abrogated on other grounds by <u>Hall St. Assoc., L.L.C. v. Mattel, Inc.</u>, 552 U.S. 576 (2008).

On appeal, as she did below, Edmondson appears to argue that the arbitration award should be vacated on the first two of these bases.  She has wholly failed to establish her contention that Lilliston and the arbitrator are part of a "criminal enterprise" or that they "were complicit in the intentional misrepresentations and concealments of material facts on the lease and sales contracts."  Appellant's Br. at "6."[3]  There is simply no evidence of fraud or corruption in the record as it pertains to the arbitration award.

The mainstay of Edmondson's appeal is her argument that the arbitration clause was invalid, and, therefore, that the contract was void ab initio.  The Agreement's arbitration provision provides that it "shall be conducted in accordance" with the Consumer Arbitration Rules ("the Rules") of the AAA, which, in turn, require the arbitration to be administered by the AAA.  <u>See</u> Am. Arbitration Ass'n, <u>Consumer Arbitration Rules</u> R-1 (Sept. 1, 2014), <u>http://www.adr.org/consumer</u>.  Edmondson argues that the arbitration clause is void because of Lilliston's failure to register it with the AAA, and because Lilliston stated that it had "severed its ties" with the AAA.   In rejecting this argument, the District Court concluded that the fact that Lilliston did not have a relationship with the AAA at the time of the Agreement "is neither here nor there."  Dist. Court's April 26, 2017 Op. at 8 n.6.  We agree.  The AAA administers arbitrations where there is *no* AAA arbitration clause between the parties.  <u>See</u> R-3 of the

---

[3] Appellant created her own pagination for her brief; these references are on the page numbered "6," which is actually page 10.

Rules. Moreover, it was not until September 1, 2014, *after* the Agreement was executed and, indeed, after the complaint was filed, that the AAA required businesses to register an arbitration clause through the AAA's Consumer Clause Registry. See R-12. In any event, the Rules make clear that failure to register prior to the filing of a demand for arbitration is of no moment; rather, the AAA will administer the arbitration once the business pays the review and registry fees. Id. That is what occurred here: Lilliston paid the requisite fees and the AAA agreed to administer the arbitration, just as Edmondson had repeatedly urged was required by the Agreement.[4] Accordingly, because there was no basis for invalidating the arbitration clause, and there were no other disputes regarding its scope, the District Court properly "direct[ed] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Finally, the arbitrator determined that Lilliston was entitled to "reasonable attorney's fees and costs" incurred in connection with the enforcement of the arbitration award.[5] Lilliston submitted to the District Court a Certification of fees and costs, which

---

[4] Edmondson makes much of the fact that, in a letter declining to administer the case after the initial demand for arbitration, the AAA asked Lilliston to remove reference to the AAA from the consumer arbitration clause that appeared in Lilliston's lease and sales agreements, and advised that it may decline to administer future consumer arbitrations involving Lilliston. This was merely in response to Lilliston's failure to pay the filing and registry fees. Once the fees were paid, the AAA agreed to administer the matter, as permitted by the Rules.

[5] "[A]rbitrators derive their powers from the parties' agreement." White Springs Agric. Chems., Inc. v. Glawson Investments Corp., 660 F.3d 1277, 1281 (11th Cir. 2011). The Agreement provided that the parties shall bear their own fees and costs, "except when awarded by the arbitrator under applicable law." Appellee's Suppl. App. at 61a. Accordingly, the District Court had no basis to disturb the arbitration award to the extent it granted fees and costs. White Springs, 660 F.3d at 1281 (explaining that courts do not

6

included a detailed breakdown of the hours billed in connection with its efforts to enforce the arbitration award. Edmondson failed to raise any specific objections to the Certification. United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211-12 (3d Cir. 2000) (noting that a district court may not award less in fees than requested unless the opposing party makes specific objections to the fee request). The District Court nevertheless reviewed the Certification, and explained its basis for concluding that the bill was both reasonable and adequately supported. We find no abuse of discretion in its determination. See In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 727 (3d Cir. 2001).

Based on the foregoing, we will affirm the District Court's order.[6]

---

review the legal merits of the arbitrator's award where there is a basis for it in the agreement).

[6] Edmondson's motion for a stay is denied.