**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2203

_____

SARA ANN EDMONDSON,
                    Appellant

v.

LILLISTON FORD INC;
JANE AND JOHN DOES 1-10, individually and as owners, officers,
directors, founders, managers, agents, servants, employees, representatives
and/or independent contractors of LILLISTON FORD, INC.;
XYZ CORPORATIONS 1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 13-cv-07704)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 26, 2019
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: May 15, 2019)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sara Ann Edmondson appeals from the District Court's order denying her motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3). For the reasons that follow, we will affirm.

This is the fourth appeal arising out of an action brought by Edmondson alleging state law claims of fraud and misrepresentation, as well as claims under the Federal Odometer Act and the Magnuson-Moss Warranty Act. The claims stem from alleged wrongs related to her purchase of a used car from Appellee Lilliston Ford, Inc. ("Lilliston"). After protracted proceedings, Edmondson filed a motion to compel arbitration under the Federal Arbitration Act (FAA). The District Court denied the motion as premature, and we reversed. See Edmondson v. Lilliston Ford, Inc., 593 F. App'x 108 (3d Cir. 2014). On remand, after the motion to compel arbitration was granted, the parties could not agree on the selection of an arbitrator. Edmondson filed a motion for summary judgment arguing, in part, that the terms of the arbitration agreement required arbitration to be administered by the American Arbitration Association (AAA), but that the agreement itself was invalid. The District Court denied the motion as improperly filed, and the parties ultimately submitted to arbitration with the AAA.

The AAA arbitrator issued an award dismissing all of Edmondson's claims, and awarding "reasonable" attorneys' fees and costs. The District Court subsequently entered an order denying Edmondson's motion to vacate the arbitration award, and granting Lilliston's cross-motion to confirm the award and its application for attorneys' fees and

2

costs totaling $10,709.39.[1]  Edmondson appealed, and we affirmed.  See Edmondson v.

Lilliston Ford, Inc., 722 F. App'x 251 (3d Cir. 2018).

Before us now is Edmondson's appeal from the denial of her Rule 60(b)(3)

motion.[2]  Edmondson argued that the District Court's judgment should be vacated "due

to the egregious and biased behavior of the judge in not ruling granting or denying

summary judgment on the viability of the contract given that it was procured through

fraud and misrepresentation."  We find no abuse of discretion in the District Court's

denial of the motion.  First, Rule 60(b)(3) is not the proper vehicle for challenging the

District Judge's alleged misconduct.  See Fed R. Civ. P. 60(b)(3) (pertaining to

misconduct "by an opposing party").  Moreover, as the District Court noted, the

underlying arguments that the arbitration agreement was void ab initio were previously

rejected by the District Court, and by this Court on appeal.  See Edmondson, 722 F.

App'x at 254.  A motion for relief from judgment may not be used to reargue issues that

were previously resolved.  See Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001).

Finally, we note that, as the District Court explained in denying Edmondson's fourth

motion for recusal, her allegations of judicial bias are merely disagreements with the

---

[1] Edmondson appealed after the oral hearing on these motions, but before the District
Court entered its final order; the appeal was dismissed for lack of jurisdiction.  See C.A.
No. 17-1543.
[2] We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review an order denying a
motion under Rule 60(b)(3) for abuse of discretion.  Budget Blinds, Inc. v. White, 536
F.3d 244, 251 (3d Cir. 2008).

District Judge's rulings.  See Arrowpoint Capital Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (noting that adverse rulings are insufficient evidence of judicial bias).

Based on the foregoing, we will affirm the District Court's order.